# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY LEON COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:14-cv-0365-JMS-WGH |
| | ) | |
| WARDEN J. F. CARAWAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Directing Further Proceedings**

## I.      Background

Plaintiff Anthony Leon Collier ("Mr. Collier"), is a former federal inmate formerly confined at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). After screening the amended complaint and dismissing some claims, the Court determined that Mr. Collier's claims of deliberate indifference to a serious medical need and retaliation would proceed against the following defendants: Warden Caraway; Warden L. LaRiva; Kimberly Klink (improperly spelled "Kimberly Klinx" in the amended complaint); Dr. T. Bailey; PA Daugherty (improperly spelled "Doughtery" in the amended complaint); C. Desmith; and Hollie Bowman (the "Defendants").

The Defendants have filed a motion for summary judgment arguing that Mr. Collier's claims are barred because he failed to exhaust his available administrative remedies. Defendant Klink also argues that any claim against her is barred by absolute immunity. Mr. Collier has opposed the motion for summary judgment and the Defendants have replied.

For the reasons explained in this Entry, the Defendants' motion for summary judgment [dkt. 39] is **granted in part and denied in part without prejudice,** as explained in this Entry.

## II.     Discussion of Exhaustion Defense

The original complaint in this action was filed on December 2, 2014. Mr. Collier was released from prison on that same date. The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

As noted in the Entry screening the amended complaint, dkt. 16, the Court discerns that Mr. Collier's claims of deliberate indifference to a serious medical need and retaliation[1] were stated in the amended complaint. Although this issue has not been briefed by either party, the Court finds that the exhaustion requirement does not apply to the plaintiff in this case.

"[T]he status of the plaintiff at the time he brings his suit" determines whether the plaintiff is a prisoner subject to the PLRA's exhaustion requirements. *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). The operative amended complaint in this action was filed on April 17, 2015, months after Mr. Collier was released from prison. "It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir.2004). "The filing of the amended complaint was the functional equivalent of filing a new complaint…and it was only at that time that it became necessary to have exhausted the administrative remedies against the state defendants." *Barnes v.*

---

[1] The Defendants have not addressed the claim of retaliation with respect to the affirmative defense of exhaustion of administrative remedies.

*Briley,* 420 F.3d 673, 678 (7th Cir. 2005) (citation omitted) (original complaint did not allege claims against prison officials). Courts have held that if a prisoner is released before he files an amended complaint, the exhaustion requirement no longer applies to claims brought in the amended complaint. *See Miller v. Zaruba,* 2013 WL 5587288, at *14 (N.D.Ill. Oct. 10, 2013) (PLRA exhaustion requirements do not apply to claims filed in an amended complaint after plaintiff was released from prison); *Minix v. Pazera,* 2007 WL 4233455 (N.D. Ind. Nov. 28, 2007) (same)(citing *Barnes v. Briley,* 420 F.3d 673 (7th Cir. 2005)).

The Defendants' motion for summary judgment [dkt. 39] is **denied without prejudice** because the Defendants have misapprehended the status of the record with respect to the filing of the amended complaint.  Further direction on this issue is set forth below.

### III. Defendant Klink's Immunity

The allegations that Mr. Collier makes against defendant Kimberly Klink ("Ms. Klink") are: (1) she knew about his lack of medical care when she "investigated the second set of administrative remedies" and "signed off on the informal resolution complaint dated October 17, 2014"; and (2) she is a member of "the Utilization review Board Committee" and as such, is "responsible for approving outside consultations." Dkt. 15, Am. Compl. ¶ 25.  Ms. Klink was at all times relevant to the amended complaint, an Active Duty Commissioned Officer with the United States Public Health Service ("PHS"). Any actions that Ms. Klink took with respect to Mr. Collier were taken within the scope of her employment and pursuant to federal law and BOP policy.

Congress has mandated that certain classes of persons, including officers and employees of the PHS, are absolutely immune from damages arising from their official activities. 42 U.S.C. § 233(a). Officers and employees of the PHS are immune from civil suit for damages for personal

injury "resulting from the performance of medical, surgical, dental, or related functions." 42 U.S.C. § 233(a). The exclusive remedy for these actions lies in the Federal Tort Claims Act. *Id*. *See Hui v. Castaneda*, 559 U.S. 799, 806, 812 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct" and concluding that "[t]he immunity provided by § 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of conduct described in that section.").

Mr. Collier's claim against Ms. Klink is barred as a matter of law. *See Barrett v. Marberry,* 402 Fed.Appx. 143, 145, 2010 WL 4877838 (7th Cir. Dec. 1, 2010) (affirming district court's application of section 233(a) and decision that a PHS officer could not be personally subject to a *Bivens* action for harm arising out of his dental work). Ms. Klink's motion for summary judgment [dkt. 39] is **granted** with respect to Mr. Collier's claim against defendant Ms. Klink.

## IV.    Conclusion

In summary, the Defendants' motion for summary judgment [dkt. 39] is **granted** as to the claim against Ms. Klink and **denied without prejudice** as to the defense of failure to exhaust available administrative remedies.

A) Because the parties have not addressed whether Mr. Collier's release prior to filing his amended complaint obviates compliance with the exhaustion requirement, the Defendants shall have **through February 3, 2016,** in which to either 1) refile their motion for summary judgment on the issue of failure to exhaust, acknowledging the operative complaint having been filed on April 17, 2015, or 2) withdraw the affirmative defense of failure to exhaust available administrative remedies. *See* Rule 56(f) of the

*Federal Rules of Civil Procedure.* If the Defendants file a renewed motion for summary judgment, Mr. Collier shall have **twenty-eight (28) days** after service of the renewed motion for summary judgment in which to respond and the Defendants shall have **fourteen (14) days** in which to reply.

B) If the Defendants withdraw the defense of exhaustion, the Court will issue a pretrial schedule to guide the further development of the action and will attempt to recruit Mediation Assistance Program ("MAP") counsel to assist Mr. Collier in a settlement conference.

C) The **clerk shall update the docket** to reflect 1) the correction of the spelling of defendants "Klink" and "Daugherty," and 2) the dismissal of the claim against Kimberly Klink.

**IT IS SO ORDERED.**

Date:  <u>January 20, 2016</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Anthony Leon Collier, 3930 Camelot Dr., S.E., Grand Rapids, MI  49546

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.