UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| ANTHONY LEON COLLIER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:14-cv-00365-JMS-MJD |
| | ) | |
| JOHN F. CARAWAY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint. [Dkt. 85.] For the following reasons, Plaintiff's Motion [Dkt. 85] is **DENIED IN PART**.[1]

**I. Background**

In November 2014,[2] Plaintiff, initially proceeding *pro se*, brought suit in this Court alleging *Bivens* claims and a Federal Tort Claims Act (FTCA) claim stemming from improper medical treatment of his eye disorder. [Dkt. 1.] At the time Plaintiff filed his lawsuit, Plaintiff's Notice of Tort Claim, filed on October 24, 2014, was pending with the Bureau of Prisons. [Dkt. 88-1 at 2.] The BOP administratively denied Plaintiff's tort claim on March 11, 2015. [*Id.*] In

---

[1] The Court previously granted Plaintiff's Motion in part and took the remainder of the Motion under advisement. [Dkt. 89.] This Order addresses the portion of the Motion taken under advisement.

[2] The parties apparently dispute whether the date Plaintiff placed his complaint in the prisoner mail system or the date on which the Clerk received and filed the complaint is the date on which Plaintiff initiated this action. [Dkt. 85 at 3 (referring to December 2, 2014 as the filing date); Dkt. 88 (referring to November 26, 2014).] Though immaterial to this Motion, the Court notes that, in the PRLA context, the Seventh Circuit has held that "mailing [a] complaint [is] enough to bring suit." *Ford v. Johnson*, 362 F.3d 395, 399 (7th Cir. 2004).

1

the interim, Plaintiff's claims were screened twice, leaving only certain *Bivens* claims. [Dkt. 9; Dkt. 15 (amended complaint); Dkt. 16.] Plaintiff has since acquired counsel [Dkt. 60] and now seeks to amend his complaint to once again allege an FTCA claim.[3]

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that the "court should feely give leave" to amend the pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "the district court need not allow an amendment . . . when the amendment would be futile," such as where the "added claim would not survive a motion for summary judgment." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

## III. Discussion

Defendants contend that Plaintiff's proposed FTCA claim would be futile for two reasons. First, they contend that Plaintiff failed to comply with the FTCA's exhaustion requirement, 28 U.S.C. § 2675(a), by filing this suit while Plaintiff's administrative claim was still pending with the BOP. Second, they contend that even if Plaintiff properly filed his FTCA claim, his claim would be barred by the applicable statute of limitations, 28 U.S.C. § 2401(b). In support of their position, Defendants primarily rely upon *McNeil v. United States*, 508 U.S. 106 (1993).

Plaintiff responds that neither the FTCA's exhaustion requirement nor its statute of limitations are jurisdictional. Plaintiff thus asserts that it is within the Court's power to equitably

---

[3] Plaintiff confusingly criticizes Defendants for seeking an "end-run around summary judgment procedure" [Dkt. 91 at 4] and asks the Court to treat Defendants' response brief "as a Motion for Summary Judgment" [*Id.* at 6]. But here it is Plaintiff that is the movant, not Defendants, and a motion to amend pleadings is properly denied if the new claim "would not survive a motion for summary judgment." *Bethany Pharmacal*, 241 F.3d at 861. Perhaps most critically, Plaintiff does not dispute any of the facts that are material to deciding this Motion—the timing of administrative exhaustion and filing of the complaint—which otherwise presents a wholly legal question.

toll the various deadlines and relate the amendment back to an earlier-filed complaint. In support of his position, Plaintiff primarily relies upon *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).

The FTCA exhaustion requirement is set out in § 2675(a), which provides in relevant part as follows:

> **An action shall not be instituted** upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency** and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

In *McNeil*, the Supreme Court definitively interpreted the phrase "shall not be instituted," making clear that § 2675(a) says what it means and means what it says:

> The most natural reading of the statute indicates that Congress intended to require **complete exhaustion** of Executive remedies **before invocation of the judicial process**. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

508 U.S. at 112 (emphasis added). Simply put, the very filing of a complaint before exhaustion of the administrative process precludes an FTCA claim in that lawsuit. Under binding Seventh Circuit precedent, this hurdle is one that may not be overcome by amendment. *See Gray v. United States*, 723 F.3d 795, 800 (7th Cir. 2013) (Hamilton, J.) (noting that the FTCA "require[s] exhaustion of administrative remedies *before suit*" and that the "most basic purposes of administrative exhaustion would be undermined if plaintiffs were permitted to sue before

3

exhausting available administrative remedies" (emphasis in original)); *Hoeller v. Soc. Sec. Admin.*, No. 16-1876, 2016 WL 6651882, at *1 (7th Cir. Nov. 10, 2016) (unpublished) ("[E]xhaustion must be completed *before* initiating suit in order to realize the goal of allowing administrative remedies to relieve the burden of litigation on the courts." (emphasis in original)); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) ("Section 2675(a)'s exhaustion requirement is . . . a condition precedent to the plaintiff's ability to prevail." (internal quotation omitted)); *Pierce v. Colvin*, No. 1:16-CV-00609-LJM-MJD, 2016 WL 7373821, at *2 (S.D. Ind. Dec. 20, 2016) (reaching same conclusion).

Plaintiff cites *Kwai Fun Wong* for the proposition that "[i]t is within the powers of the District Court to equitably 'toll both of the FTCA's limitations periods," as though this were the end of the matter. [Dkt. 91 at 1 (quoting *Kwai Fun Wong*, 135 S. Ct. at 1629).] The problem, however, is that the Court was referring to both of the FTCA **statute of limitations periods** in § 2401(b).[4] *Kwai Fun Wong* offered no analysis of the § 2675(a) exhaustion requirement; indeed, the Court did not even cite to *McNeil*, which remains the seminal case on that issue. Its holding was wholly limited to the FTCA statute of limitations. Plaintiff's implicit argument that *Kwai Fun Wong* overruled the lines of authority relying upon *McNeil* is therefore unavailing—particularly because the Supreme Court even more recently reaffirmed *McNeil*'s rigid approach in *Ross v. Blake*:

> [M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion. *See, e.g.*, *McNeil*, 508 U.S. at 111, 113 ("We are not free to rewrite the statutory text" when Congress has strictly

---

[4] Section 2401(b) provides as follows:
> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

4

> "bar[red] claimants from bringing suit in federal court until they have exhausted their administrative remedies"). Time and again, this Court has taken such statutes at face value—refusing to add unwritten limits onto their rigorous textual requirements.

136 S. Ct. 1850, 1857 (2016). Thus, the Court remains bound by *McNeil* and the Seventh Circuit cases relying thereupon.

Nonetheless, leaving aside the unequivocal binding Seventh Circuit authority for the moment, Plaintiff's path to success on this Motion in reliance upon *Kwai Fun Wong* is neither difficult to understand nor unreasonable. While Plaintiff does not point it out in his briefing, one of the *Kwai Fun Wong* petitioners was in a very similar situation to Plaintiff in this case. In *Kwai Fun Wong*, Wong brought suit while her administrative complaint was pending with the INS. Anticipating the agency's denial, Wong moved for leave to amend her complaint to add her FTCA claim. The district court granted her motion, and the Supreme Court held that while the motion for leave to amend was ultimately granted after the statute of limitations had run, the statute of limitations was subject to equitable tolling. Wong's suit was thus deemed timely filed under § 2401(b). As explained above, however, the Court made no mention of *McNeil* or whether Wong's actions actually satisfied the exhaustion requirement; the writ of certiorari only extended to "[w]hether the six-month time bar for filing suit in federal court under the Federal Tort Claims Act, 28 U.S.C. 2401(b), is subject to equitable tolling." Petition for a Writ of Certiorari at I, *Kwai Fun Wong*, 135 S. Ct. 1625 (No. 13-1074), 2014 WL 906635, at *I.

But other courts have held that an amended complaint may satisfy the requirement that an action be "instituted" after exhaustion of administrative remedies. *E.g.*, *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855-56 (9th Cir. 2011). If that were the rule in this Circuit, Plaintiff's proposed amended complaint could relate back to the amended complaint, which was filed in the time between which Plaintiff properly exhausted his administrative remedies and the statute of

5

limitations had run. Fed. R. Civ. P. 15(c)(1); [Dkt. 15 (amended complaint filed after administrative denial)]. This is so because—while directly contrary to Defendants' representations [Dkt. 88 at 7]—it is settled that the FTCA time limitations are **not** jurisdictional. *See Kwai Fun Wong*, 135 S. Ct. 1625. Though nonjurisdictional, the FTCA timing rules must nevertheless be enforced according to Seventh Circuit precedent when raised by the United States. *See Gray*, 723 F.3d at 798 ("While exhaustion of administrative remedies is not a jurisdictional prerequisite to suit, . . . exhaustion is still a statutory requirement for recovery . . . . The government is entitled to insist on exhaustion."). As presently interpreted, § 2675(a) requires a plaintiff to exhaust administrative remedies before filing a lawsuit. Plaintiff did not do so in this case and cannot remedy his failure to do so by way of amendment. Accordingly, Plaintiff's attempt to amend his complaint is futile and his Motion must be **DENIED**.[5]

### IV. Conclusion

For the foregoing reasons, the Court **DENIES IN PART** Plaintiff's Motion for Leave to File a Second Amended Complaint. [Dkt. 85.]

SO ORDERED.

Dated: 23 JAN 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.

---

[5] Because the Court finds that Plaintiff's proposed amendment is futile, it need not address Defendants' argument that it is unduly prejudicial.