UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY LEON COLLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:14-cv-00365-JMS-MJD |
| ) | |
| JOHN F. CARAWAY, ) | |
| *et al.* ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO RECONSIDER PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

This matter is before the Court on Plaintiff's Motion to Reconsider Plaintiff's Motion for Leave to File a Second Amended Complaint. [Dkt. 106.] Because Plaintiff cannot circumvent the Rule 72(a) time limitations for objecting to a Magistrate Judge's order by belatedly filing a motion for reconsideration, the Court **DENIES IN PART** Plaintiff's Motion.

**I. Background**

The relevant procedural history of this matter is sufficiently detailed in the Court's Order on Plaintiff's Motion for Leave to File a Second Amended Complaint ("Order") and need not be repeated here. [Dkt. 97 at 1-2.] In that Order, dated January 24, 2017, the Court denied Plaintiff's motion to amend his complaint to add a Federal Tort Claims Act (FTCA) claim as futile for failure to comply with the administrative exhaustion requirement prior to bringing suit. [Dkt. 97 at 2-6.] Plaintiff, by motion dated February 22, 2017, now asks the Court to reconsider its prior Order. [Dkt. 106.]

1

## II. Discussion

Plaintiff argues that the Court erred in denying his motion to amend his complaint because his proposed FTCA claim would relate back to his amended complaint, filed after exhausting administrative remedies. In response, the Government Defendants argue that the motion for reconsideration is procedurally improper because Plaintiff seeks only to rehash previously rejected arguments and that the Court's Order properly denied leave to amend.

While, "[t]echnically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure," *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 Fed. App'x 382, 384 (7th Cir. 2002), the Rules do provide an avenue for challenging a nondispositive order rendered by a magistrate judge, *see* Fed. R. Civ. P. 72(a). Federal Rule of Civil Procedure 72(a) provides: "A party may serve and file objections to the order within **14 days** after being served with a copy. A party **may not assign as error** a defect in the order **not timely objected to**." Fed. R. Civ. P. 72(a) (emphasis added). While the fourteen–day deadline to object is not jurisdictional, such that the court may at any time exercise its discretion to review any interlocutory order, *see Kruger v. Apfel*, 214 F.3d 784, 786 (7th Cir. 2000), "the parties and the Court are not free to ignore" this deadline. *Granite State Ins. Co. v. Pulliam Enterprises, Inc.*, No. 3:11-CV-432, 2015 WL 4946156, at *2–4 (N.D. Ind. Aug. 18, 2015). This is because "[t]o hold otherwise . . . would allow [p]laintiffs to circumvent the time limitation included in Rule 72(a)" and undermine important interests of fairness, efficiency, and finality. *Bro-Tech Corp. v. Thermax, Inc.*, No. CIV. 05-CV-2330, 2007 WL 2234521, at *3 (E.D. Pa. Aug. 2, 2007). Only where a party demonstrates exceptionally good cause should a court exercise its discretion to permit a belated challenge to a magistrate judge's rulings beyond the fourteen-day window provided in Rule 72(a). *Cf., e.g.*, *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, 543 F.

App'x 591, 594-95 (7th Cir. 2013) ("By not filing timely objections, litigants typically waive their right to challenge on appeal the issues decided in a magistrate judge's [decision.]"); *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 399 (N.D. Ill. 2006) (Cole, Mag. J.) ("Throughout the range of the law, there are time limits imposed on litigants at every stage of the case: some are mandatory and admit of no deviations; others are more flexible. But in each instance, lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests.").

Rule 72(a) is unambiguous and unequivocal: "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). Plaintiff did not timely object to the Court's January 24, 2017 Order. Instead, Plaintiff waited until February 22, 2017, fifteen days after the Rule 72(a) objection deadline passed, to file the instant motion to reconsider. Plaintiff provides no explanation—let alone an explanation that would meet a good cause standard—for his failure to timely object. Plaintiff may not now circumvent Rule 72(a) by filing a motion challenging the Court's Order after the objection deadline has passed. The Court therefore **DENIES** Plaintiff's Motion for Reconsideration as untimely.[1]

---

[1] Even if Plaintiff had timely filed its motion for reconsideration, Plaintiff has not demonstrated that he is entitled to the relief sought. Motions for reconsideration are appropriate only where the court makes an error of apprehension, where the court makes a ruling beyond the issues presented by the parties, or to address a significant change in the law or facts. *Bank of Waunakee v. Rochester Cheese Sales, Inc.* 906 F.2d 1185, 1191-92 (7th Cir. 1990). They are a backstop to protect the "misunderstood litigant." *Id.* at 1191.

But Plaintiff is not a misunderstood litigant. The Court already considered and rejected Plaintiff's argument that relation back to the amended complaint would cure Plaintiff's failure to exhaust administrative remedies before filing suit. [Dkt. 97 at 3 ("Simply put, the very filing of a complaint before exhaustion of the administrative process precludes an FTCA claim in that lawsuit.").] This is because the FTCA provides that "[a]n action shall not be **instituted** . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a) (emphasis added). As the Supreme Court later explained, "Congress intended to require complete exhaustion of Executive remedies **before invocation** of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993) (emphasis added). "A civil

### III. Conclusion

Plaintiff's Motion to Reconsider Plaintiff's Motion for Leave to File a Second Amended Complaint [Dkt. 106] attempts to circumvent the Rule 72(a) time limits to rehash previously rejected arguments. The Court therefore **DENIES IN PART** Plaintiff's Motion.[2]

SO ORDERED.

Dated: 22 MAR 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.

---

action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "Institute," the operative term in the FTCA, "is synonymous with . . . 'commence.'" *McNeil*, 508 U.S. at 112.

Regardless of the substantive ramifications of the dismissal of the initial complaint and subsequent filing of the amended complaint [*see* Dkt. 9 at 5 (noting that the filing of an amended complaint would "entirely replace and supersede" previously-filed complaint)], procedurally, the original complaint filed before administrative exhaustion "instituted" this action. The amended complaint did not. Relation back to the amended complaint cannot assist Plaintiff in this situation. Even if Plaintiff's Motion were timely, it could not succeed because it rehashes arguments which are no more persuasive now than they were at the time the Court first rejected them.

[2] Plaintiff's alternative request for certification of an interlocutory appeal remains **UNDER ADVISEMENT**.

4