UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY LEON COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:14-cv-00365-JMS-MJD |
| | ) | |
| JOHN F. CARAWAY, | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S COUNSEL'S MOTIONS TO WITHDRAW**

This matter is before the Court on Plaintiff's Counsel's (collectively, "Counsel") verified motions to withdraw as counsel. [Dkt. 140; Dkt. 141; Dkt. 142.] On June 19, 2017, the Court held an *ex parte* hearing on Counsel's motions. Plaintiff appeared in person and by attorneys Brandon Hall and Lindsay Llewellyn.

The conduct of counsel in this court is governed by the Rules of Professional Conduct adopted by the Supreme Court of Indiana. S.D. Ind. L.R. 83-5(e). Rule 1.16 of the Rules of Professional Conduct governs termination of representation. Counsel seek withdrawal pursuant to Rule 1.16(b)(6), which provides, in relevant part, that a lawyer may withdraw from representing a client if "the representation will result in an unreasonable financial burden on the lawyer . . . ," Ind. R. Prof'l Conduct 1.16(b)(6), on the basis that, in Counsel's estimation, Plaintiff's case is no longer economically feasible for them to pursue.

When an attorney seeks to withdraw from a case, the court must consider the interests not only of the counsel but also the client, the other parties, and the court. *See Burns v. Gen. Motors Corp.*, No. 1:06-CV-0499-DFH-WTL, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007) (Hamilton, J.) (denying a motion to withdraw six weeks before trial); s*ee also Brown v. City of*

*Fort Wayne*, 2011 WL 3423783 (N.D. Ind. 2011) (denying a motion to withdraw eight weeks before trial). As Judge Hamilton observed in *Burns*,

> Because of the challenges that a *pro se* party can pose for both the court and the opposing party, the court does not routinely grant motions to withdraw. Too often, a plaintiff's attorney will seek to withdraw from a weak case, leaving the case like an orphan on the court's and the opponent's doorstep. The court and the opponent are thus left the task of educating the *pro se* party about applicable law and procedure, and often about the weaknesses in his case.

2007 WL 4438622, at *2; *see JMB Mfg., Inc. v. Child Craft, LLC*, 799 F.3d 780, 792–93 (7th Cir. 2015) ("Another option would have been to require Summit's prior counsel to continue representing Summit at trial. After all, that lawyer had filed the case in the first place. He . . . [was] obliged to protect the court . . . from prejudice resulting from problems in his relationship with his client."); Ind. R. Prof'l Conduct 1.16(c) ("When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.").

Attorney Brandon Hall first appeared in this matter on February 22, 2016. [Dkt. 60.] Attorney Lindsay Llewellyn appeared for Plaintiff on February 22, 2017. [Dkt. 105.] Attorney Betsy Greene appeared for Plaintiff on June 2, 2017. [Dkt. 134.]

Mr. Hall represented to the Court that he and his firm determined that this matter was no longer economically feasible to pursue following the Court's January 24, 2017 order denying Plaintiff's request to amend his complaint a second time to assert a claim under the Federal Tort Claims Act ("FTCA"). [Dkt. 97.] Ms. Llewellyn confirmed such was the basis underlying her motion to withdraw as well. The Court notes that, while Mr. Hall has been Plaintiff's counsel for nearly 16 months, both Ms. Greene and Ms. Llewellyn appeared **after** the Court's January 24, 2017 denial of leave for Plaintiff to assert an FTCA claim in this case. Counsel's economic unfeasibility arguments are significantly undercut by both the significant delay in seeking leave to withdraw following the Court's January 24, 2017 order, and the fact

that two of the counsel who now seek to withdraw initially appeared after that order was issued.

Furthermore, on June 2, 2017, counsel for Plaintiff filed a motion to extend the deadline for Plaintiff's liability expert disclosures. [Dkt. 135.] Pursuant to that motion, Plaintiff's expert liability disclosure cutoff was extended by the Court to June 30, 2017. [Dkt. 139.] Liability discovery closes in just over two months. [Dkt. 10.] And the dispositive motion deadline looms only three months away. [Dkt. 108.] The timing of Plaintiff's motion to enlarge the expert disclosure deadline, coupled with Counsel's representations that the determination that Plaintiff's case is no longer economically feasible for them to pursue was made months earlier, raises serious concerns that the bases articulated by Plaintiff's counsel in the motion—that "2. Despite the best efforts of Plaintiff's counsel, an expert as to liability issues could not be found prior to the deadline." and "3. Counsel for Plaintiff intends on utilizing an expert for liability matters, but would require additional time to secure said expert." [Dkt. 135 ¶¶ 2-3.]—were really nothing more than Plaintiff's counsel's effort to create a window of opportunity to facilitate their withdrawal.

Under these circumstances, the Court cannot grant Counsel's motions without effecting substantial prejudice upon Mr. Collier, this Court, and Defendants. Given the impending critical case deadlines and the time and effort put into this case to-date, the Court **DENIES** Plaintiff's Counsel's verified motions to withdraw. [Dkt. 140; Dkt. 141; Dkt. 142.]

SO ORDERED.

Dated: 19 JUN 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.