UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTHONY LEON COLLIER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | No. 2:14-cv-00365-JMS-MJD |
| | ) | |
| JOHN F. CARAWAY, ET AL., | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

On February 22, 2017, Plaintiff Anthony Leon Collier filed a Motion to Reconsider Plaintiff's Motion for Leave to File a Second Amended Complaint. [Filing No. 106.] In the motion, Mr. Collier requested that the Court "rescind its January 23, 2017 Order [denying Mr. Collier leave to file a Second Amended Complaint] and issue a new Order granting the Plaintiff's Motion for Leave to File his Second Amended Complaint." [Filing No. 106 at 7.] Mr. Collier also argued that "if the Court decides that its Order does not require reconsideration or contains no error, the Plaintiff respectfully requests that the Court grant Plaintiff's request for interlocutory appeal of its Order pursuant to 28 U.S.C. § 1292(b)." [Filing No. 106 at 7.] On March 22, 2017, the Magistrate Judge issued an Order denying Mr. Collier's Motion to Reconsider Plaintiff's Motion for Leave to File a Second Amended Complaint to the extent that it denied Mr. Collier's request for reconsideration, but took his alternative request for certification of an interlocutory appeal under advisement. [Filing No. 117.] The Court now considers Mr. Collier's request for certification of an interlocutory appeal.

In support of his request for interlocutory appeal, Mr. Collier argues that there is a controlling question of law at issue – whether the First Amended Complaint should be considered

a new filing and, if so, whether the Second Amended Complaint adding the United States as a defendant to the FTCA claim can relate back to the First Amended Complaint. [Filing No. 106 at 7.] Mr. Collier also argues that review by the Court of Appeals "makes practical sense…and would promote both the orderly disposition of this case and the efficient use of judicial and party resources." [Filing No. 106 at 7.]

Defendants did not address Mr. Collier's request for an interlocutory appeal in their brief in response to the Motion to Reconsider. [*See* Filing No. 109.]

28 U.S.C. § 1292(b) allows for an interlocutory appeal when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and…an immediate appeal from the order may materially advance the ultimate termination of litigation." *See also Richardson Elecs., Ltd. v. Panache Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). Thus, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis omitted).

The issue for which Mr. Collier seeks interlocutory appeal is:

Whether the Court erred in denying the Plaintiff's Motion for Leave to File a Second Amended Complaint for the purpose of adding the United States of America as a Defendant to an FTCA claim.

[Filing No. 106 at 8.]

Due to its dispositive nature, the Court first considers whether there is a "contestable" question of law. 28 U.S.C. § 1292(b). Tellingly, Mr. Collier does not address this requirement, instead only arguing that there is a controlling question of law, and that review of the question by the Court of Appeals "makes practical sense" and "will facilitate a more orderly disposition of this

2

case." [Filing No. 106 at 7-8.] The Court has now twice considered Mr. Collier's request to file a Second Amended Complaint to add an FTCA claim against the United States, and both times has cited clear case law which mandates the conclusion that amendment would be improper under the circumstances present here. [*See, e.g.*, Filing No. 97 at 3-4 (explaining why failure to exhaust administrative remedies prior to filing FTCA lawsuit cannot be cured by amending complaint to add FTCA claim after exhaustion has been accomplished); Filing No. 117 at 3 ("The Court already considered and rejected Plaintiff's argument that relation back to the amended complaint would cure Plaintiff's failure to exhaust administrative remedies before filing suit… This is because the FTCA provides that '[a]n action shall not be instituted…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing….'…As the Supreme Court later explained, 'Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.'") (emphasis omitted).]

Other than his arguments in support of his Motion for Leave to File Second Amended Complaint and his Motion to Reconsider – which the Court has already rejected – Mr. Collier does not explain why the question for which he seeks certification is "contestable." *See In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F.Supp.2d 903, 909 (S.D. Ind. 2002) (rejecting the notion that an issue is "contestable" merely if there is a substantial ground for difference of opinion or an absence of Seventh Circuit or Supreme Court authority, and instead looking at whether "other courts have adopted conflicting positions regarding the issue of law proposed for certification"); *Carlson v. Brandt*, 1997 WL 534500, *6 (N.D. Ill. 1997) ("[I]t is beyond dispute that interlocutory appeal is unjustified, inefficient, and unnecessary when the movant has not set forth substantial conflicting decisions regarding the claimed controlling issue

3

of law"). Mr. Collier does not cite to legal authority which contradicts the Court's denial of his Motion for Leave in connection with his request for interlocutory appeal, or even in the Motion for Leave itself.

Accordingly, because the question for which Mr. Collier seeks certification for interlocutory appeal is not contestable, the portion of the Motion to Reconsider requesting certification is **DENIED**.  [Filing No. 106.]

Date: 6/26/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**